George F. Roberts, J.
This is a pro se motion for resentencing based on defendant’s contention that he should have been sentenced as a second felony offender rather than a fourth felony offender.
Defendant contends (and the District Attorney does not dispute) that the following facts are true:
While he was incarcerated in New Jersey State prison in 1957, he was notified that there were outstanding warrants against him in Philadelphia, Pennsylvania and Richmond County, New York. Defendant wrote to the Pennsylvania and New York authorities, appeared in those jurisdictions and pleaded guilty to the outstanding offenses. The Pennsylvania court gave him a sentence to run consecutively to the one he was serving in New Jersey and the New York court gave him a 5- to 10-year sentence to run concurrently with his New Jersey and Pennsylvania sentences.
Defendant states that at no time between the running of these sentences was he ever released from prison and each time he was sentenced as a first felony offender. He now argues that these earlier felony convictions should have been deemed one conviction for .sentencing purposes.
A reading of the present persistent felony offender statute, section 70.10 of the revised Penal 'Law and the commentary thereto written by the Honorable Peter Preiser in McKinney’s Consolidated Laws of New York (Book 39, Penal Law, § 70.10, p. 128) indicates that defendant’s contention would be correct, if this were the applicable statute.
The current Penal Law, including section 70.10, went into effect on September 1, 1967. Section 5.05 provides that this law shall govern the construction of and punishment for any offense committed after the effective date of September 1, 1967.
Defendant, however, was sentenced on a 1966 indictment for crimes committed in 1966 or before. His predicate felony convictions were all for crimes committed prior to 1966. Therefore, the old 1909 Penal Law applies to his current sentence.
According to the commentary in McKinney’s Penal Law, section 70.10 the old Penal Law, sections 1941 and 1942 provided that two or more prior convictions were counted separately unless the crimes were charged in one indictment or were charged in .separate indictments that were' consolidated for trial or tried *146 together. Thus, a person convicted on the same day of three separate felonies could on his next conviction be a fourth felony offender and subject to a life term (People v. Taylor, 16 A D 2d 944, affd. 13 N Y 2d 675).
The facts as alleged by defendant himself indicate that under the 1909 Penal Law, sections 1941 and 1942 defendant’s prior convictions would have been and correctly were considered separate convictions for multiple offender sentencing purposes. Therefore, defendant’s motion for resentencing must be denied.
In addition to the above reasons for denial, it appears that this same quesion was decided by Justice Murtagh in an order dated August 7,1969. The defendant cannot continually use the remedy of these motions as a vehicle for repetitious appeal (People v. Shapiro, 3 N Y 2d 203 and People v. Howard, 12 N Y 2d 65).
For both of these reasons defendant’s motion is denied in all respects.